UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 8:24-cv-01776-MWC-BFM **Date:** October 22, 2026

**Title:** *Jonathan Maurice Elbye v. L.A. County Sheriff's Department, et al.*

==========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order To Show Cause Regarding Civil Contempt**

Plaintiff Jonathan Maurice Elbye filed a motion to hold Centinela Hospital Medical Center in civil contempt for failure to comply with a Rule 45 subpoena. (ECF 63.) Plaintiff later renewed that request after Centinela Hospital failed to fully respond to his subpoena. (ECF 66.) For the reasons below, the Court orders Centinela Hospital to show cause why it should not be held in contempt for failure to follow Court orders.

As an initial matter, Centinela Hospital did provide a home address for Defendant Sabogal. (*See* ECF 66 at 7.) The Deputy Clerk is instructed to provide that information to the U.S. Marshals for purposes of attempting to service her at this address with the Fourth Amended Complaint, which is the currently operative pleading.

As to Centinela Hospital's noncompliance, the Court sets out the follow facts: On April 29, 2026, the Court issued an order granting Plaintiff's request for a third-party subpoena to Centinela Hospital. (ECF 52.) The subpoena, as

narrowed by the Court, required Centinela Hospital to produce: (1) documents identifying the home address for Maria Sabogal for purposes of service; (2) documents identifying Does 2-5, security personnel who placed Plaintiff Jonathan Elbye in four-point restraints on October 11, 2023, between 7 am and 7 pm; and (3) documents identifying Does 6 and 7, the attending physician and nurse responsible for ordering and administering medication to Plaintiff Jonathan Elbye and who were on duty between 7 pm and 7 am on October 11, 2023. (ECF 52-1.)

Centinela Hospital did not comply, and so, on August 28, 2026, the Court ordered Centinela Hospital to comply with the subpoena no later than September 11, 2026. (ECF 62.) The Court declined to hold Centinela Hospital in contempt at that juncture but noted that contempt or other sanctions might be warranted if Centinela Hospital continued to fail, without excuse, to respond to the Rule 45 subpoena. (ECF 62.)

Plaintiff reports that, apart from providing Defendant Maria Sabogal's address, Centinela Hospital did not produce the "remaining documents and identifying information required by the subpoena and Court Order concerning the Doe hospital personnel." (ECF 63 at 3.) Plaintiff subsequently clarified that he spoke with an individual named Emily Torrez on behalf of Centinela Hospital. (ECF 66 at 1-2.) Ms. Torrez informed Plaintiff that he had not requested the address and telephone number of Defendant Sabogal or Doe Defendants in his subpoena and refused to provide requested documents and contact information. (ECF 66 at 2.) Ms. Torrez ultimately provided an address related to Defendant Sabogal, but nothing more. (ECF 66 at 2.)

"Civil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary" for injuries

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 8:24-cv-01776-MWC-BFM **Date:** October 22, 2026

**Title:** *Jonathan Maurice Elbye v. L.A. County Sheriff's Department, et al.*

==========================================================

resulting from noncompliance. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (citations omitted); *see also* Fed. R. Civ. P. 70(e). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992); *Taggart v. Lorenzen*, 587 U.S. 554, 554 (2019) (civil contempt is not appropriate when there is a "fair ground of doubt as to the wrongfulness of the [nonmovant's] conduct.").

Here, the Court has issued multiple orders that Centinela Hospital has ignored or only partially responded to. (*See* ECF 52 (order authorizing subpoena); ECF 62 (order compelling compliance with subpoena).) Centinela Hospital has provided no excuse but appears to have told Plaintiff that the subpoena did not encompass the information it clearly requested. (ECF 66 at 2.) In any event, a party that has been compelled to respond to a subpoena may not simply ignore it; if it has objections as to the subpoena's scope, it must raise those objections to the Court.

To ensure there is no doubt about Centinela Hospital's conduct, the Court will permit Centinela a final opportunity to explain why it has not complied with the Court's orders or why its compliance should be excused. **Centinela Hospital is therefore ordered to show cause on or before November 3, 2026, why it should not be held in contempt and/or sanctioned for its failure to respond to the subpoena, and explain why it has not complied with the narrowed subpoena and the Court's subsequent orders**. If the Court does not receive a response to this order to show cause, it will proceed to certify the facts so that the assigned district judge may hold a contempt hearing. 28 U.S.C. § 636(e)(6)(B)(iii).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 8:24-cv-01776-MWC-BFM **Date:** October 22, 2026

**Title:** *Jonathan Maurice Elbye v. L.A. County Sheriff's Department, et al.*

==============================================================

The Deputy Clerk is instructed to send a copy of this Order to Centinela Hospital, attn: Legal Department, 555 E. Hardy St., Inglewood, CA 90301, and care of its agent for service of process, Cogency Global, 1325 J. Street, Suite 1550, Sacramento, CA 95814. Plaintiff is also directed to deliver a copy of this order to Emily Torrez, the Centinela Hospital representative he has been speaking to.

**IT IS SO ORDERED**.

cc: Jonathan Maurice Elbye, pro se
Centinela Hospital

Initials of Preparer: ch